FILED
CLERK, U.S. DISTRICT COURT

DEC - 5 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ANEKANANDA, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL C. LUCIO, ET AL., <br><br> Defendants. | CASE NO. CV 12-9516 UA (DUTYx) <br><br> ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court remands this unlawful detainer action to state court summarily because defendant Rafael Soza ("Defendant") removed it improperly.

On November 6, 2012, Defendant, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff could not have brought this action in federal court in the first place, and Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction. Therefore, removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.

1  Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship exists,
2  the amount in controversy does not exceed the diversity-jurisdiction threshold of
3  $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer
4  complaint recites that the amount in controversy does not exceed $10,000. Nor does
5  Plaintiff's unlawful detainer action raise any federal legal question. *See* 28 U.S.C.
6  §§ 1331, 1441(b).

7  Defendant is further notified and warned that any subsequent attempts to
8  remove the underlying state unlawful detainer action to this Court will be improper
9  and will constitute vexatious conduct that the Court will address by way of punitive
10 remedial measures, which may include having Defendant designated as a vexatious
11 litigant and barred from commencing any further removal actions with respect to the
12 underlying state unlawful detainer action.

13 Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the
14 Superior Court of California, County of Los Angeles, 1427 West Covina Parkway,
15 West Covina, California 91790, for lack of subject matter jurisdiction pursuant to 28
16 U.S.C. § 1447(c); (2) that the clerk send a certified copy of this Order to the state
17 court; and (3) that the clerk serve copies of this Order on the parties.

19 IT IS SO ORDERED.

21 DATED: December 5, 2012

DEAN PREGERSON
ACTING CHIEF JUDGE